522

*States* (T. D. 47136). It is contended that the dictionary definitions for grindstones are broad enough to include grinding stones and that Congress did not intend to exclude all stones used or suitable for grinding purposes that were not covered by a single definition of a stone of limited use. It was found that the evidence is clear that the stones in question do not come within the classification of "a solid wheel of stone, mounted on a spindle and turned by a winch handle, by a treadle, or by machinery." *British American Tobacco Co.* v. *United States* (17 C. C. P. A. 374, T. D. 43812), *United States* v. *Baruch* (223 U. S. 191), and *United States* v. *Lilly* (14 Ct. Cust. Appls. 332, T. D. 41970) cited. The grindstones in question were held not to come within the definition as announced by the courts. The protests were therefore overruled.

No. 40323.—Protest 820551–G of L. Oppleman, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of mineral specimens the same as those which were the subject of *Oppleman* v. *United States* (C. D. 42). The claim for free entry under paragraph 1719 was therefore sustained.

No. 40324.—Protests 834641–G(A), etc., of Park Benziger Co., Inc., et al. (New York).

Opinion by KEEFE, J. On the records presented the protests were overruled.

No. 40325.—Protests 888981–G, etc., of Max Landan & Co. et al. (Baltimore, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 40326.—Petition 5726–R of F. W. Myers & Co., Inc. (Ogdensburg).

Opinion by KEEFE, J. It was established that the exporter had two price lists, one for the wholesale or jobber glove trade and the other for the retail trade. The major portion of the sales was made to retailers who paid a higher price. The merchandise was entered at prices appearing upon the wholesale list and the appraiser advanced the value. It was found that the error in invoicing was an honest one and that full and candid disclosure was made to the customs authorities. On the evidence presented the petition was granted.

BEFORE THE SECOND DIVISION, JANUARY 6, 1939

No. 40327.—Protests 648280–G, etc., of Artmart Linen Co., Inc. (New York).

Opinion by TILSON, J. From the record it was found that certain items consist of scarfs and doilies made of burnt-out laces in chief value of cotton. On the authority of *United States* v. *Field* (22 C. C. P. A. 502, T. D. 47495) the merchandise was held dutiable at 40 percent under paragraph 923 and 10 cents per pound under paragraph 924.